| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/22/18 |
|---|---|
| IDRICE NANA,<br><br>          Plaintiff,<br><br>-against-<br><br>LE VIKING LLC d/b/a BISTRO CHEZ LUCIENNE, MALCOLM 308 LLC, THIERRY GUIZONNE, and FALL FARA,<br><br>          Defendants. | No. 17-cv-928 (CM) |

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

McMahon, C.J.:

On February 8, 2017, Plaintiff Idrice Nana, commenced this action claiming that Le Viking LLC d/b/a Bistro Chez Lucienne, Malcolm 308 LLC (the "Corporate Defendants"), Thierry Guizonne, and Fara Fall (the "Individual Defendants") (collectively, "Defendants"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and various provisions of the New York Labor Law. The Corporate Defendants in this action have not appeared by counsel and are in default. One of the Individual Defendants, Thierry Guizonne, has not appeared and is also in default. Individual Defendant Fall, *pro se*, entered an appearance and filed an answer on July 21, 2017, denying all allegations in the complaint. (*See* Dkt. Nos. 26, 27.) On August 9, 2017, Plaintiff moved for default judgment against Defendants. (*See* Dkt. No. 28.) On January 19, 2018, Plaintiff moved for summary judgment against Individual Defendant Fall. (*See* Dkt. No. 47.)

1

Copies mailed/faxed/handed to counsel on 1/22/18

For the reasons set forth below, the motion for default judgment is GRANTED as to the Corporate Defendants and Individual Defendant Guizonne and DENIED as to Individual Defendant Fall.

## A. Plaintiff's Motion for Default Judgment

On February 8, 2017, Plaintiff filed the complaint in this action. (*See* Dkt. No. 1.) The complaint was served on Defendants on February 14, 2017. (*See* Dkt. Nos. 5, 6, 7, 8.) The time for answering the complaint expired without an answer or appearance from Defendants. On February 17, 2017, Plaintiff filed an amended complaint (*see* Dkt. No. 9) and served Defendants on April 7, 2017. (*See* Dkt. Nos. 12, 13, 14, 15.) Likewise, the time for answering the amended complaint expired without an answer or appearance from Defendants. On July 21, 2017, Individual Defendant Fall entered an appearance and denied all allegations in the amended complaint. (*See* Dkt. No. 27.)

On September 8, 2017, an initial pretrial conference was held. Counsel for Plaintiff was present, but no one was present on behalf of Defendants. The Court issued an order (*see* Dkt. No. 39) on September 11, 2017 stating that Corporate Defendants must appear by counsel by October 25, 2017. In addition, Individual Defendant Guizzone was to enter an appearance by the same date. Neither Corporate Defendants, nor Individual Defendant Guizzone met this deadline. At the initial pretrial conference, Plaintiff's counsel represented to the Court that Mr. Fall said he would not attend court conferences and simply wanted to go to trial. (*See id.*) That is not an option for Mr. Fall, who has refused to abide by the Court's orders.

A second pretrial conference was held on October 25, 2017 at 9:30 a.m. Again Plaintiff's counsel was present, and again there were no representatives for Defendants. The Court waited until 10:03 a.m. The Court was clear in its order of September 11, 2017 about the consequences of failing to appear. As reflected in the record, the Court stated it would wait the requisite number

of days and rule on Plaintiff's motion for default judgment. Having patiently waited for Defendants to respond in this action, the Court does not hesitate to enter default judgment at this time.

Since Individual Defendant Fall has entered an appearance in this action, default judgment will not be entered at this time. The Court will separately issue an order as to Plaintiff's motion for summary judgment in regard to Mr. Fall.

### B. Damages

On August 9, 2017, Plaintiff submitted a memorandum of law in support of its motion for default judgment. (*See* Dkt. No. 30.) This memorandum states a calculation of damages at $136,648.13, exclusive of post-judgment interest. Plaintiff provided a sworn affidavit in support of this figure. (*See* Dkt. No. 31.) An inquest on damages will be postponed until the claims against Individual Defendant Fall are resolved.

### CONCLUSION

For the reasons stated above, Plaintiff's motion is GRANTED in part and DENIED in part. The Clerk of the Court is respectfully directed to terminate the motion at Dkt. No. 28.

Dated: January 22, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL