UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
IDRICE NANA, :
:
                          Plaintiff, : No. 17-CV-928 (CM) (OTW)
:
           -against- : **REPORT & RECOMMENDATION**
:
LE VIKING LLC d/b/a BISTRO CHEZ LUCIENNE, :
et al., :
:
                       Defendants. :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Colleen McMahon, United States District Judge:**

**I.    Introduction**

Plaintiff Idrice Nana ("Plaintiff") brings this action against Defendants Le Viking, LLC d/b/a Bistro Chez Lucienne, Malcolm 308 LLC, Thierry Guizonne, and Fall Fara pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §650 *et seq*. This matter is before the undersigned for an inquest following a default judgment against Defendants Bistro Chez Lucienne, Malcolm 308 LLC, and Thierry Guizzone and summary judgment against Defendant Fall Fara.

**II.    Background**

    **A.    Factual History**

Plaintiff worked at Defendants' restaurant as a server and a bartender from 2009 through February 15, 2017. First Amended Compl. ("Compl.") (ECF 9) ¶¶ 25-27, 57. Plaintiff alleges that from the start of his employment through January 2016, he worked approximately six to ten hours per shift with pay alternating between $60 a shift to $75 a shift. Compl. ¶¶ 28,

34-36. From January to March 2016, Defendants allegedly required Plaintiff to work approximately 47 hours per week without providing overtime pay. Compl. ¶¶ 29, 37. In 2016, Plaintiff was only paid five checks totaling $1,500 for work that entire year. Compl. ¶¶ 38-39. From January through February 2017, Plaintiff was again sporadically given six checks of approximately $300 each to cover those two months of work. Compl. ¶ 43. After Plaintiff filed this case on February 8, 2017, Defendants called Plaintiff to tell him to not return to work. Compl. ¶¶ 57-58. Plaintiff now brings claims including, *inter alia*, violation of minimum wage laws, unpaid overtime, retaliation, and notice violations.

### B. Procedural History

After the First Amended Complaint was filed on February 17, 2017, Defendants Le Viking, LLC, Malcolm 308 LLC, and Thierry Guizonne failed to answer or otherwise respond to the Amended Complaint, which ultimately resulted in a default judgment entered against them. (ECF 54). Defendant Fara filed an answer to the Amended Complaint, ECF 27, but did not file an opposition to Plaintiff's Motion for Summary Judgment, ECF 47. After summary judgment was subsequently granted against Defendant Fara, ECF 71, the matter was referred to the undersigned for an inquest on damages as to all defendants. An inquest hearing was held on June 13, 2019 with only Plaintiff and his counsel in attendance. Plaintiff supported his calculation of damages by filing an inquest memorandum with attached affidavits, ECF 81-83, and testifying at the June 13 hearing.

**III.     Discussion**

   **A.     Inquest Standard**

Even though a complaint's factual allegations are presumed true in the event of a default, damages allegations are not entitled to the same presumption. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The plaintiff must still supply an evidentiary basis for the specific damages amount sought. *Santana v. Latino Express Restaurants, Inc.*, 198 F.Supp.3d 285, 292 (S.D.N.Y. 2016). If the plaintiff fails to supply the requisite evidentiary basis for his claimed damages, the Court may decline to award any damages despite the entry of a default judgment. *Belizaire v. RAV Investigative and Sec. Services Ltd.*, 61 F. Supp. 3d 336, 345 (S.D.N.Y. 2014). Where the defendants fail, however, to provide *any* records of wages or hours, Plaintiff's "recollection and estimates of hours worked are presumed to be correct." *Chen v. Jenna Lane, Inc.*, 30 F.Supp.2d 622, 624 (S.D.N.Y. 1998).

A court may conduct an inquest hearing when necessary to "determine the amount of damages" or investigate a particular allegation. Fed. R. Civ. P. 55(b)(2). Even where the defendant does not provide any inquest submissions, the plaintiff must still satisfy the Court with evidence that establishes damages "with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *adopted by* 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).

   **B.     Damages**

      1.     Statute of Limitations

FLSA actions carry a two-year statute of limitations that may be extended to three years for "willful violation[s]." 29 U.S.C. §255(a). To show willfulness, Plaintiff bears the burden of

3

showing that the employer "knew or showed reckless disregard of" the violation. *Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995)). The NYLL, in contrast, has a six-year statute of limitations. N.Y.L.L. § 663(3). Because Plaintiff filed his Complaint on February 8, 2017, Plaintiff may recover unpaid wages under the NYLL dating back six years to February 8, 2011.

Plaintiff argues that he is entitled to the three-year statute of limitations because Defendants' failure to pay Plaintiff any wages from January 25, 2016 through August 1, 2016 and September 5, 2016 through December 31, 2016 constitutes willful behavior. (ECF 81 at 10). Although it is unclear whether Defendants' 2016 blatant violation of labor laws necessarily demonstrates willfulness for violations *before* 2016, the Court need not undertake such analysis because Plaintiff has already elected to pursue remedies under the more favorable NYLL provisions. The only claim for which Plaintiff seeks an exclusive FLSA remedy would be Plaintiff's retaliation claim, which stems from his February 2017 termination and thus clearly falls within the FLSA's statute of limitations.

2. <u>Minimum Wage Damages</u>

The NYLL requires that employers pay their employees a minimum wage for each hour worked.[1] N.Y.L.L. § 652-1. Plaintiff's alleged period of underpayment stretches from July 2012 through February 2017, during which New York's minimum wage increased three times. *Id*. Plaintiff was entitled to a minimum wage of $8.00/hour until December 31, 2013; $8.75/hour until December 31, 2014; $9.00/hour until December 31, 2016; and $11.00/hour until the end

---

[1] Although Defendants may credit tips to Plaintiff's wages if Plaintiff was notified that the tips were being so credited, 29 U.S.C. §203(m)(2), Plaintiff testified that he was never informed in writing of a tip credit. (ECF 82 ¶ 41).

4

date of February 2017. *Id*. Plaintiff accurately uses these minimum wage rates in calculating his unpaid wages, properly excluding February 2015-January 24, 2016 when Plaintiff's pay was increased above the minimum wage rate. (*See* ECF 82 ¶¶ 24, 26). Plaintiff calculated his actual hourly rate by multiplying the number of shifts per week by the amount paid per shift, divided by the number of hours worked per week. The Court has reviewed Plaintiff's minimum wage calculations using this methodology and agrees with the claimed unpaid wage amounts up to the end of 2016.[2] (*See* ECF 81 at 8-11).

Plaintiff's calculations for 2017 do not appear to be completely accurate, as addressed by the Court at the inquest hearing. Although Plaintiff was not paid for work from September through December 2016, Plaintiff received four checks from January 13, 2017 through February 13, 2017 totaling $1,690. Because the checks were not evenly spaced out in time, it is difficult to ascertain which period of work each check was meant to cover. As Plaintiff's counsel admitted at the inquest hearing, the calculated $330 per week was incorrectly based on three weeks of work rather than the four weeks covered by the checks, resulting in an underestimation of damages. Therefore, dividing Plaintiff's pay of $1,690 by the 225 hours worked over those four weeks would result in a $7.51/hour rate, $3.49 short of the $11.00/hour minimum wage during that period. Multiplying the $3.49/hour deficit by the 225 hours worked during that period would result in approximately $785 owed to Plaintiff in unpaid minimum wages for 2017.

---

[2] The Court notes that Plaintiff occasionally rounded up to avoid fractions of a dollar or fractions of a week. Such estimates result in a negligible difference and thus, especially in lack of rebutting evidence, the Court will not adjust those amounts. *See Baltierra v. Advantage Pest Control Co.*, No. 14-CV-5917 (AJP), 2015 WL 5474093, at *4 (S.D.N.Y. Sept. 18, 2015) (noting that courts may "approximate" damages).

Adding in the revised 2017 unpaid minimum wage amount, the correct total unpaid minimum wages are calculated as follows:

| Time period | Deficit x hours/week x weeks/period | Total unpaid wages |
|---|---|---|
| July 2012-Dec. 2013 | $1.00/hour x 40 hrs/week x 78 weeks | $3,120 |
| Dec. 2013 - Nov. 2014 | $1.75/hour x 40 hrs/week x 48 weeks | $3,360 |
| Dec. 2014 - Jan. 2015 | $$1.25/hour x 40 hrs/week x 5 weeks | $250 |
| Jan. 2016-June 2016 | $9.00/hour x 40 hrs/week x 22 weeks | $7,920 |
| July 2016 | $9.00/hour x 37 hrs/week x 4 weeks | $1,332 |
| Aug. 2016 - Sept. 2016 | $0.89/hour x 37 hrs/week x 5 weeks | $165 |
| Sept. 2016 - Dec. 2016 | $9.00/hour x 37 hrs/week x 17 weeks | $5,661 |
| Jan. 2017 - Feb. 2017 | $3.49/hour x 225 hours | $785 |
| **TOTAL** | | **$22,593** |

Under the NYLL, an employer found in violation is liable for liquidated damages "unless the employer provides a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y.L.L. § 198(1-a). As Defendants have not submitted any evidence that their non-compliance was in good faith, Defendants are liable for liquidated damages for the minimum wage violations. The NYLL permits liquidated damages of up to one hundred percent of the wages owed. N.Y.L.L. § 198 (1-a). Therefore, Plaintiff is entitled to $22,593 in liquidated damages for his minimum wage claims, for a total of **$45,186** in minimum wage damages ($22,593 actual damages + $22,593 liquidated damages).

3. <u>Overtime Damages</u>

Under both federal and state law, employees must be paid one and one-half times their regular hourly rate for any work performed in excess of a forty-hour work week. *See* 29 U.S.C. §207(a)(2); N.Y.C.C. §146-1.4. Because Plaintiff's regular hourly rate was below the minimum wage, the appropriate overtime rate would be one-and-a-half times the minimum wage rate. *See Schalaudek v. Chateau 20th Street LLC*, No. 16-CV-11 (WHP) (JLC), 2017 WL 729544, at *6 (S.D.N.Y. Feb. 24, 2017), *adopted by* 2017 WL 1968677 (S.D.N.Y. May 11, 2017). Plaintiff's only

6

overtime claim is for the seven overtime hours worked per week for seven weeks in early 2016, at which time the minimum wage in New York was $9/hour. *See* N.Y.L.L. § 652-1. Plaintiff correctly applied the 1.5 multiplier to the $9 hourly rate to reach a $13.50 hourly overtime rate, and resulting entitlement to $661.50 ($13.50/hour x 49 hours). (ECF 81 at 9-10).

For the reasons discussed above, Plaintiff would also be entitled to liquidated damages in the amount of one hundred percent of the wages owed. N.Y.L.L. § 198 (1-a). Therefore, Plaintiff is entitled to $661.50 for unpaid overtime and an additional $661.50 in liquidated damages for the overtime violations, resulting in a total of **$1,323** in overtime damages ($661.50 unpaid overtime + $661.50 liquidated damages).

4. <u>Spread of Hours Damages</u>

Under the NYLL, an employee is due an additional hour of pay "at the basic minimum hourly rate" if his entire workday, including breaks, exceeds ten hours. NYCRR § 146-1.6. Plaintiff states in his affidavit that throughout the entire time he worked for Defendants, he would work a 10+ hour shift approximately once a month. (ECF 82 ¶¶ 18-22). Plaintiff further testified that he was never given the additional hour of pay, as required. *Id*. ¶ 42. Taking into account the various minimum wage rates throughout the six years, Plaintiff correctly calculated the spread of hours pay owed him for that period as provided below.

| Time period | Min. wage x OT hrs/month x months/period | Total unpaid spread of hours |
|---|---|---:|
| Feb. 2011 - Dec. 2013 | $7.25/hour x 1 hr/month x 33 months | $246.50 |
| Jan. 2014 - Dec. 2014 | $8.00/hour x 1 hr/month x 12 months | $96.00 |
| Jan. 2015 - Dec. 2015 | $8.75/hour x 1 hr/month x 12 months | $105.00 |
| Jan. 2016 - Dec. 2016 | $9.00/hour x 1 hr/month x 12 months | $108.00 |
| Jan. 2017 - Feb. 2017 | $11.00/hour x 1 hr/month x 2 months | $22.00 |
| **TOTAL** | | **$577.50** |

Plaintiff would also be entitled to liquidated damages in the amount of twenty-five percent of unpaid spread of hours from his claims before April 9, 2011[3] and one hundred percent of his unpaid spread of hours after April 9, 2011. N.Y.L.L. § 198 (1-a). The Court verified Plaintiff's calculations and finds that Plaintiff would be entitled to $566.62 in liquidated damages ($3.62 for February 8, 2011 through April 8, 2011 + $563.00 for April 8, 2011 through February 14, 2017), for a rounded total of **$1,144**.

5. Wage Statement Damages

The NYLL requires that employers provide wage statements[4] that include, *inter alia*, the dates of work covered by the wages, the rate of pay, the basis of calculating the pay, and the name of the employer. N.Y.L.L. § 195(3). Plaintiff swears in his affidavit that he never received any statement indicating his pay rate, entitling him to notice damages. (ECF 82 ¶¶ 37-39). According to the NYLL, this would entitle Plaintiff to $250 for every workday that the statement was not provided, capped at $5,000. NY Labor §198 (1-d). Because Plaintiff alleges that he was never provided a proper wage statement for the entire six year period, he would be entitled to the maximum damages for wage statement violations of **$5,000**.

6. Retaliation Damages

Judge McMahon found that Plaintiff established violations of both the FLSA's and NYLL's anti-retaliation provisions. (ECF 71 at 14). Consequently, Plaintiff seeks lost wages, emotional

---

[3] New York Labor Law § 663 was amended to increase liquidated damages to 100% of unpaid wages, effective April 9, 2011. *See Wimbush v. L.I.C. Pet Transport, Inc.*, No. 16-CV-5363 (PAE) (KNF), 2018 WL 3388296, at *4 (S.D.N.Y. July 12, 2018).
[4] Plaintiff acknowledges that he is not seeking damages for failure to provide a wage notice under NYLL § 195(1). (ECF 81 at 15).

distress damages, liquidated damages, and punitive damages under the FLSA and NYLL. (ECF 81 at 16).

      a. <u>Lost Wages</u>

Plaintiff seeks lost wages from the retaliatory discharge under either the FLSA or NYLL. *See* 29 U.S.C. §216(b) ("payment of wages lost"); N.Y.L.L. §215(2)(a) (permitting "lost compensation and damages"). Because the statutes provide for nearly identical relief and Judge McMahon found violations of both the FLSA and NYLL retaliatory provisions, the Court will consider Plaintiff's claim for back wages regardless of the statute invoked. "Courts in this jurisdiction generally award back pay through the date of default judgment." *Belizaire*, 61 F. Supp. 3d at 362. Plaintiff here obtained a default judgment against three defendants and summary judgment against the fourth defendant. Although it is less clear whether courts must offset back wages with other income, *id.*, Plaintiff here only seeks back wages in full for the time unemployed and the difference in earnings after Plaintiff found new employment. (ECF 81 at 16).

Instead of using what Plaintiff was entitled to as a minimum wage, Plaintiff reached his lost wages amount by estimating that Plaintiff would have earned roughly $650 per week in tips while in Defendants' employ. (ECF 81 at 20). At the inquest hearing, Plaintiff acknowledged that the tip amount was used as a reference because it was the "most concrete thing that I could think of." *See* June 13, 2019 Conf. Tr. at 5:19-20. The Court finds that the more appropriate measure is to calculate what Plaintiff would have earned post-termination using the minimum wage as the weekly rate, especially since Plaintiff's tips were not counted by his employer

9

towards his wage. *See Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 880 (2d Cir. 1988) (using hourly wage rate as measurement for lost wages).

Because Plaintiff was unemployed for approximately seven weeks,[5] he would be entitled to back pay of $3,080 ($11/hour min. wage x 40 hours/week x 7 weeks) for the period he was unemployed. Once Plaintiff started working again, he alleges that he made $100 less than he had at his job with Defendants. (ECF 82 ¶ 35). This would entitle Plaintiff to an additional $7,700 ($100 x 77 weeks) for a total back pay award of **$10,780**.

b. Emotional Distress

Although the FLSA and NYLL do not expressly make available emotional distress damages, courts in this District have permitted emotional distress damages for retaliation claims under the FLSA and NYLL. *See Greathouse v. JHS Sec. Inc.*, No. 11-CV-7845 (PAE) (GWG), 2015 WL 7142850, at *3-4 (S.D.N.Y. Nov. 13, 2015), *adopted by* 2016 WL 4523855 (S.D.N.Y. Aug. 29, 2016). Plaintiff requests $30,000 in emotional distress damages, which appears excessive in light of what appears to be a claim on the "lower end of the so-called 'garden variety'" form of emotional distress. *Id.* (finding distress unsupported by medical evidence to warrant range of $5,000-$30,000).

Plaintiff's only evidence of emotional distress is his declaration that he suffered from sleep issues and that he felt uncomfortable when he walked near his old place of employment. (ECF 82 ¶ 34). At the inquest hearing, Plaintiff admitted that there was nothing in the record to support anything other than garden-variety emotional distress. June 13, 2019 Conf. Tr. at 3:25-

---

[5] 7 weeks and 5 days, but Plaintiff rounded down for ease of calculation. The Court finds no reason to deviate from Plaintiff's preferred approach.

4:3. This stands in stark contrast to situations where courts have awarded lesser amounts than what Plaintiff is seeking. *See, e.g., Greathouse*, 2015 WL 7142850, at *3-4 (awarding $10,000 where defendant threatened plaintiff with gun); *Perez v. Jasper Trading, Inc.*, No. 05-CV-1725 (ILG) (VVP), 2007 WL 4441062, at *9-10 (E.D.N.Y. Dec. 17, 2007) (awarding $15,000 where defendant threatened to report plaintiff to immigration authorities). Accordingly, the Court recommends that Plaintiff be awarded **$5,000** in emotional distress damages. *See Miller-Rivera v. Eddie Jr.'s Sports Lounge, Inc.*, No. 17-CV-0603 (LDH) (SMG), 2018 WL 3581735, at *4 (E.D.N.Y. Jan. 2, 2018), *adopted by* 2018 WL 3581698 (E.D.N.Y. July 25, 2018) (awarding $5,000 where Plaintiff suffered "mild" distress and offered no corroborating evidence).

        c. <u>Liquidated Damages</u>

In contrast to the overtime and minimum wage claims, Plaintiff requests liquidated damages for both his FLSA retaliation claim and his NYLL retaliation claim. The FLSA permits liquidated damages in an "equal amount" as the lost wages caused by the termination, which in this case would be $10,780. *See* 29 U.S.C. §216(b). The NYLL, on the other hand, permits liquidated damages in an amount up to $20,000 for retaliation claims. N.Y.L.L. § 215(2)(a).

Courts in this District have moved away from allowing double recovery under both the FLSA and the NYLL for the same violation. *See Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 61 (2d Cir. 2016); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *16-17 (S.D.N.Y. Sept. 8, 2016), *adopted by* 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (finding no more reason for distinguishing between FLSA and NYLL liquidated damages). Because Plaintiff seeks greater liquidated damages under the NYLL, the

Court will calculate liquidated damages for retaliation under the NYLL only and recommend liquidated damages for retaliatory discharge of **$20,000**.

d. Punitive Damages

Plaintiff further seeks $5,000 in punitive damages under either the FLSA or NYLL. To recover punitive damages for an FLSA retaliation claim, Plaintiff must show that Defendants knew or were recklessly indifferent that Plaintiff's termination violated federal law.[6] *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2015 WL 631377, at *9 (S.D.N.Y. Feb. 12, 2015). Plaintiff's only evidence on this point is his declaration that Defendant Guizonne called Plaintiff to tell him that Defendant Fara was upset and that Plaintiff "should not come back to work." (ECF 82 ¶ 32). There is no evidence that any of the defendants knew that the termination was unlawful nor any evidence that the defendants acted egregiously such that punitive damages are warranted here. *Cf. Greathouse*, 2015 WL 7142850, at *8 (awarding punitive damages where conduct "reprehensible"); *Perez*, 2007 WL 4441062, at *10 (awarding punitive damages where defendant reported plaintiffs to immigration authorities and offered disparaging comments to plaintiffs' new employer); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) (noting that NYLL's liquidated damages are intended to be punitive in nature already). Accordingly, the Court recommends that no punitive damages be awarded to Plaintiff for his retaliation claim.

---

[6] Plaintiff's only case citation supporting his bid for punitive damages is distinguishable as *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071, 2009 WL 289653, at *8 (S.D.N.Y. Jan. 30, 2009), *adopted by* 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) categorized emotional distress as its "punitive damages." Here, Plaintiff is seeking both emotional distress and punitive damages.

12

**C.** <u>**Interest**</u>

Plaintiff recognizes that prejudgment interest may not be awarded where FLSA liquidated damages are also awarded and thus only seeks prejudgment interest under the NYLL. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988). New York law provides that interest shall be calculated at nine percent per year. N.Y. C.P.L.R. § 5004. Where, as here, the damages were incurred at various times, interest would run from either "the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See* N.Y. C.P.L.R. § 5001. Interest only accrues as to compensatory damages and is not based on liquidated damages. *Mosso-Salazar v. New Lexington Corp.*, No. 18-CV-2505 (GBD) (SDA), 2018 WL 6288137, at *5 (S.D.N.Y. Sept. 4, 2018), *adopted by* 2018 WL 4961456 (S.D.N.Y. Oct. 15, 2018).

Plaintiff thus seeks prejudgment interest for his compensatory damages claims based on minimum wage, overtime, and spread of hours violations. (ECF 81 at 17). Because the minimum wage and spread of hours damages were incurred at various times and varied based on the prevailing minimum wage, I find reasonable Plaintiff's proposed date of the midpoint between Plaintiff's claims, February 11, 2014. Accordingly, Plaintiff should be awarded prejudgment interest of nine percent per annum from February 11, 2014 through October 3, 2018, the date of Plaintiff's filing his inquest papers, for a total of **$9,960** ($23,832 damages x 0.09 x [1695 days/365 days per year]). The Court recommends that the Clerk of Court further calculate additional prejudgment interest with that same nine percent per annum from October 3, 2018, the date of the inquest papers, through the date of judgment.

13

The Court further recommends the awarding of post-judgment interest under 28 U.S.C. §1961 (a).[7] *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (affirming that post-judgment interest is mandatory for civil judgments in federal district courts).

**D.     Attorneys' Fees and Costs**

The FLSA and NYLL both permit an award of reasonable attorney's fees to the prevailing plaintiff. *See* 29 U.S.C. §216(b); N.Y.L.L. §198 (1-a). The Court is given "wide latitude" to determine the reasonableness of an attorney's fee request. *Husain v. Springer*, 579 Fed. Appx. 3, 6 (2d Cir. 2014) (quoting *Carco Grp. V. Maconachy*, 718 F.3d 72, 85 (2d Cir. 2013)). Reasonableness entails examining both the attorney's hourly rate and the hours expended on the matter. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The Court can draw upon its own knowledge as to market rates as well as rely on submissions from the parties. *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 511-12 (S.D.N.Y. 2010). Relevant factors include the attorney's experience in the field, what similar attorneys in the district charge, and what other clients paid for similar services. *Arbor Hill Concerned Citizens Neighborhood Assn. v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008). In assessing reasonableness of hours spent, the Court examines whether a "reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Where the amount billed is excessive, the Court "should reduce the stated hours accordingly." *Cocoletzi v. Fat Sal's Pizza II, Corp.*, No. 15-CV-2696 (CM) (DF), 2019 WL 92456, at *11 (S.D.N.Y. Jan. 3, 2019).

---

[7] To be calculated at a rate "equal to the weekly average 1-year constant maturity Treasury yield" at the date of the entry of judgment. 28 U.S.C. § 1961(a).

Higher rates are typically awarded to attorneys from larger law firms and litigators with decades of experience. *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (awarding $200/hour to FLSA litigator at small firm with nine years' experience); *see also Guaman v. J & C Top Fashion, Inc.,* No. 14-CV-8143 (GBD) (GWG), 2016 WL 791230, at *10 (S.D.N.Y. Feb. 22, 2016) (reducing fee to $275/hour for FLSA attorney in default judgment case with "less than 9 years of practice"); *Galeana v. Lemongrass on Broadway Corp.,* 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) (awarding $250/hour to FLSA associate with six-seven years' experience); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (collecting cases to show rates of $300-400 per hour for experienced employment law litigators in District).

All of the hours billed in this matter were by Finn W. Dusenbery, an employment litigator who has run his own practice for roughly five years. (ECF 81 at 21; ECF 83). Mr. Dusenbery based his fees on an hourly rate of $300 per hour. (ECF 83). Mr. Dusenbery primarily works in the employment field, but it is unclear from his declaration the extent of his experience or what he has been paid for similar matters. Based on these factors, the Court recommends awarding Mr. Dusenbery a rate of $275 per hour. *See Guaman*, 2016 WL 791230, at *10.

Mr. Dusenbery attached his billing records on this matter, which note a total of 84.1 hours. (ECF 83-1). The Court reviewed the records and its listed task descriptions and finds that 84.1 hours is slightly high for a case that was not particularly complex, as three of the defendants defaulted and the one appearing defendant failed to oppose the summary judgment motion. For example, Mr. Dusenbery billed 12.8 hours for drafting the inquest memorandum, which contains entire paragraphs and calculations copied verbatim from

15

Plaintiff's previously-filed Motion for Default Judgment. (*See* ECF 83-1). Likewise, Mr. Dusenbery's billed 3.9 hours appears to be a bit high for drafting a simple request for a clerk's entry of default. *Id*. Accordingly, the total attorney's fees amount should be reduced by ten percent. *See, e.g., Lora v. J. V. Car Wash, LTC*, No. 11-CV-9010 (LLS) (AJP), 2015 WL 4496847, at *14 (S.D.N.Y. July 24, 2015), *adopted by* 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015) (reducing attorney's fees by ten percent where billed work was identical to prior work); *Stengel v. Black*, No. 10-CV-8661 (CM) (HPB), 2012 WL 4794583, at *6 (S.D.N.Y. Sept. 20, 2012) (reducing attorney's fees by ten percent for inefficiencies). After taking into account the adjusted hourly rate of $275 per hour and the ten percent reduction, the total fee award should be $20,815 ([$275/hour x 84.1 hours] x 0.9).

At the inquest hearing, Plaintiff's counsel represented that the $1,450 in claimed costs were necessary for service of process, filing fees, and the non-military service affidavit required by New York law. Finding these costs to be reasonable, the Court recommends that Plaintiff also be awarded his costs, for a total attorney's fees and costs of **$22,265** ($20,815 attorney's fees + $1,450 costs).

### E.     Joint and Several Liability

Defendant Fara has already been adjudged in this case to be Plaintiff's employer under the NYLL and the FLSA and therefore liable for the alleged claims. (*See* ECF 71 at 9). While joint and several liability is appropriate for employer defendants who have all been found to violate the NYLL and FLSA, *see Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 686 (S.D.N.Y. 2011), Defendant Fara did not work as Plaintiff's employer for the entire time for which damages are

being sought. Accordingly, Plaintiff requests that Defendant Fara only be held liable for the period after he joined Defendants' restaurant in late 2015. (ECF 81 at 5).

To simplify the calculations, Plaintiff apportioned Defendant Fara's damages to start from January 2016 and to run through Plaintiff's termination date. (*See* ECF 81 at 9 n. 2; ECF 81 at 14 n. 3). The Court has confirmed Plaintiff's calculations and finds that Defendant Fara is jointly and severally liable for FLSA and NYLL violations as follows:

Minimum Wage (*See* ECF 81 at 8-12)

| Time period | Deficit x hrs/week x week/period | Total unpaid wages |
|---|---|---|
| Jan. 2016-June 2016 | $9/hour x 40 hrs/week x 22 weeks | $7,920 |
| July 2016 | $9/hour x 37 hrs/week x 4 weeks | $1,332 |
| Aug. 2016 - Sept. 2016 | $0.89/hour x 37 hrs/week x 5 weeks | $165 |
| Sept. 2016 - Dec. 2016 | $9/hour x 37 hrs/week x 17 weeks | $5,661 |
| Jan. 2017 - Feb. 2017 | $3.49/hour x 225 hours | $785 |
| Liquidated damages | | $15,863 |
| **TOTAL** | | **$31,726** |

Overtime (*See* ECF 81 at 9-10)

| Time period | Deficit x hrs/week x weeks/period | Total unpaid OT |
|---|---|---|
| Jan. 2016 - Mar. 2016 | $13.50/hour x 7 hrs/week x 7 weeks | $661.50 |
| Liquidated damages | | $661.50 |
| **TOTAL** | | **$1,323.00** |

Spread of Hours (*See* ECF 81 at 13-14)

| Time period | Min. wage x OT/month x months/period | Total spread of hours pay |
|---|---|---|
| Jan. 2016 - Dec. 2016 | $9/hour x 1 hr/month x 12 months | $108 |
| Jan. 2017 - Feb. 2017 | $11/hour x 1 hr/month x 2 months | $22 |
| Liquidated damages | | $130 |
| **TOTAL** | | **$260** |

Wage Statement

Because Plaintiff worked 20+ days after Jan. 1, 2016: **$5,000**

Interest

Because interest was based on the time Plaintiff was employed, Plaintiff correctly calculated interest based on a new midpoint date of July 24, 2016. The Court therefore also recommends that Defendant Fara be held jointly and severally liable with the other Defendants for **$3,313**[8] ($16,654.50 combined minimum wage, overtime, and spread of hour damages x 0.09 x 2.21 years) of the $9,960 in prejudgment interest, in addition to prejudgment interest calculated by the Clerk of Court from October 3, 2018, the date of the inquest papers filing, to the date of judgment. As discussed above, pursuant to 28 U.S.C. §1961, Defendant Fara would also be liable for his share of post-judgment interest, to be calculated by the Clerk of Court following the entry of judgment.

Retaliation and Attorney's Fees/Costs

The Court agrees with Plaintiff that Defendant Fara should be held jointly and severally liable for the full amount of the retaliation damages amount and attorney's fees and costs as those calculations were not dependent on the length of Plaintiff's employment.

---

[8] The retaliation damages are not included as they were raised under the FLSA and interest is available only for the NYLL claims.

Total Damages Owed to Plaintiff

| | |
|---|---:|
| Minimum Wage & Liquidated Damages | $45,186 |
| Overtime & Liquidated Damages | $1,323 |
| Spread of Hours & Liquidated Damages | $1,144 |
| Wage Notice Damages | $5,000 |
| Retaliation | $35,780 |
| Attorney's Fees/Costs | $22,265 |
| Pre-Judgment Interest | $9,960 |
| **TOTAL** | **$120,658** |

Defendant Fara's Portion

| | |
|---|---:|
| Minimum Wage & Liquidated Damages | $31,726 |
| Overtime & Liquidated Damages | $1,323 |
| Spread of Hours & Liquidated Damages | $260 |
| Wage Notice Damages | $5,000 |
| Retaliation | $35,780 |
| Attorney's Fees/Costs | $22,265 |
| Pre-Judgment Interest | $3,313 |
| **TOTAL** | **$99,667** |

In sum, the Court recommends that Defendants Le Viking LLC, Malcolm 308 LLC, and Thierry Guizonne be held jointly and severally liable for $120,658, in addition to further pre-judgment and post-judgment interest to be calculated later as described above. Defendant Fara, in turn, should be held jointly and severally liable with the other Defendants for $99,667 of that amount, in addition to the additional pre-judgment and post-judgment interest to be calculated later as described above.

IV. **Objections**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such

objections, and any responses to objections, shall be addressed to the Honorable Colleen McMahon, United States District Judge. Any request for an extension of time for filing objections must be directed to Judge McMahon. Objections and requests for extensions of time filed by a pro se party shall be filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983)). If any *pro se* party wishes to review, but does not have access to, unpublished cases cited herein that are reported on Westlaw, they should request copies from Plaintiff. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

The Clerk of Court is directed to mail a copy of this Report & Recommendation to Defendant Fara at the address listed on the docket. Plaintiff shall promptly serve a copy of this Report & Recommendation on Thierry Guizonne, LE Viking LLC, and Malcolm 308 LLC and file a proof of service on the docket by **July 26, 2019**.

Respectfully submitted,

Dated: July 19, 2019  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge