UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

IDRICE NANA,

                Plaintiff,

      -against-

LE VIKING LLC d/b/a BISTRO CHEZ
LUCIENNE, MALCOLM 308 LLC, THIERRY
GUIZZONE, and FALL FARA,

                Defendants.

---

No. 17 Civ. 928 (CM)

## ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT

McMahon, C.J.:

On February 8, 2017, Plaintiff Idrice Nana ("Plaintiff" or "Nana") commenced this action

against Le Viking LLC d/b/a Bistro Chez Lucienne, Malcolm 308 LLC (the "Corporate

Defendants"), Thierry Guizzone ("Guizzone"), and Fara Fall ("Fall") seeking to recover for

unpaid wages, overtime compensation, and retaliation pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, and various provisions of the New York Labor Law ("NYLL").

Presently before the Court is a motion by Fall to vacate the summary judgment entered against

him on March 2, 2018. Originally, Guizzone sought to vacate the default judgment entered

against him on January 22, 2018; however, Guizzone has since withdrawn his application. (Dkt.

Nos. 54-1, 71, 98, 106.) Therefore, this decision will address only the motion filed by Fall.

For the reasons set forth herein, the motion is DENIED.

### I.      BACKGROUND

In his complaint, Plaintiff alleged, *inter alia*, that while he was working as a server and

then bartender at Defendants' restaurant, he was not paid all due wages and overtime. (Dkt. No.

1.) A summons was issued for each Defendant, and Plaintiff filed affidavits of service on February 17, 2017. (Dkt. Nos. 5-8.) In the affidavit of service on Fall, Alicea C. Hart ("Hart"), a process server, declared that she served Fall on February 14, 2017 by leaving a copy of the summons and complaint at 308 Lenox Avenue New York, New York 10027 with Jean Gerald, who identified himself as manager of the restaurant and confirmed that it was Fall's place of business.  (Dkt. No. 8.) Hart also sent the summons and complaint by mail addressed to Fall at the same address. (Dkt. No. 8.)

Plaintiff alleges that, on or about February 15, 2017, Guizzone called Plaintiff and told him that Defendant Fall did not want Plaintiff to return to work because he was upset that Plaintiff had filed a lawsuit. (Dkt. No. 104.)

The time for answering the original complaint expired without an answer or appearance from either Defendant.

On February 17, 2017 – two days after Guizzone told him not to return to work – Plaintiff filed an amended complaint (Dkt. No. 9), which he served on Defendants on April 7, 2017. (Dkt. Nos. 12-15.) The same process server, Alicea Hart, declared that she served Fall with the amended complaint on April 7, 2017, both by mailing it to 308 Lenox Avenue (the address of the restaurant), and by leaving a copy at the restaurant, together with an order from this court scheduling an initial pretrial conference. This time, the individual who took the amended complaint identified himself only as Francisco and refused to give his last name or his job title. (Dkt. No. 12.) However, as noted above, Fall had previously been told that the restaurant was Fall's place of business; and Fall had already been served with a summons along with the original complaint.

Again, the time for answering the amended complaint expired without an answer or appearance from Defendants.

Fall obviously had notice of the lawsuit, because he filed an answer pro se on July 21, 2017. (Dkt. No. 27). In that answer, he generally denied the allegations of the complaint and specifically denied that he was an owner of the restaurant.

Despite having appeared, Fall did not attend the initial conference in the case on September 8, 2017. (Dkt. No. 38.) According to Plaintiff's counsel, Fall had contacted counsel and advised him that he (Fall) did not intend to attend court conferences, and simply wanted to go to trial. The Court, unwilling to have Fall unilaterally determine how the case would be handled, directed Fall, in writing, to show up at a rescheduled conference on October 25, 2017, or risk an "entry of judgment against him without the need for a trial." (Dkt. No. 39.)

Neither Fall nor anyone representing him attended the October 25 conference.

On January 19, 2018, Plaintiff filed motions against Fall for summary judgment and for sanctions. (Dkt. Nos. 44, 47.) Fall did not respond to the motion.

On March 2, 2018, the Court granted Plaintiff's motion for summary judgment, but denied the motion for sanctions. (Dkt. No. 71). In the opinion granting the motion for summary judgment, the court specifically noted that it could not make a finding that Fall was an "owner" of the restaurant, as alleged by Plaintiff, but found that Plaintiff's undisputed sworn testimony, filed in support of the motion, established that Fall had sufficient control over Plaintiff and his workplace to render him liable for wage and hour violations under the FLSA and NYLL. *Id.*

The court also entered a default judgment against Guizzone and the corporate defendants, none of whom had ever filed an appearance. (Dkt. No. 54.)

On April 4, 2019, the Court issued an order setting a briefing schedule for an inquest on damages. (Dkt. No. 85.) Fall was served with notice of the inquest by mail; counsel for plaintiff sent the notice to an apartment located on Bradhurst Avenue, which was the address that Fall himself provided on his answer to the complaint. (Dkt. No. 27, 88.)

The inquest hearing was held on June 13, 2019. Fall did not appear at the hearing.

Magistrate Judge Ona Wang issued a report and recommendation on July 19, 2019, recommending that damages of $99,667 be assessed against all Defendants. (Dkt. No. 93.) The report was mailed to Fall at the Bradhurst Avenue address. (Dkt. Entry, July 22, 2019.)

The defaulting defendants were ordered to file any objections by August 2, 2018. They filed nothing. The Court adopted the Report as its opinion and entered judgment accordingly, on October 29, 2019. (Dkt. No. 95.)

On February 26, 2020, the Individual Defendants Guizzone and Fall filed a motion to vacate the judgment. As noted above, Guizzone has withdrawn his motion. (Dkt. Nos. 98, 106.)

## II.    ANALYSIS

Defendant Fall seeks to set aside the judgment on the theory that it was a final judgment of default.

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Defendant Fall moves to set aside the default judgment against him on the grounds that (A) the entry of default should be set aside for good cause, Fed. R. Civ. P. 55(c); and (B) the judgment is a result of Plaintiff's fraud, misrepresentation, or misconduct, Fed. R. Civ P. 60(b)(3).

### A.  Good Cause, FRCP 55(c)

First and foremost, it should be noted that the judgment against Fall was not entered on default. Fall appeared and filed an answer. It is true that he failed to oppose a motion for summary judgment that was filed against him, and that motion was granted after the court concluded that the undisputed evidence provided by plaintiff warranted entry of judgment against Fall, as no material fact was in dispute. However, the court specifically noted in its opinion that it was not simply deciding the motion against Fall "on default," but was constrained to examine the evidence to see whether it entitled Plaintiff to the relief requested. Fall also failed to appear at inquest, which led Judge Wang to assess damages on the basis of evidence that was, on the record before her, undisputed.

So as a technical matter, there is not "default judgment" to set aside. The only vehicle on which Fall should have relied is Fed. R. Civ. P. 60(b).

However, if Fall had in fact defaulted, he would not be entitled to vacate a default judgment, because there would be no basis for the court to find that there is good cause to set aside the judgment.

There is a three-factor test to decide if a motion to vacate default judgment should be set aside for good cause: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). There is, of course, a preference for resolving disputes on the merits, so such motions should be granted if they are at all well founded. *Crawford v. Nails on 7th by Jenny Inc.*, 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5 2020). But by the same token, a genuine default ought not be vacated when it was willful and when there is no meritorious defense.

The first criterion is willfulness. The Court requires "something more than simple negligence" to establish willfulness on the part of the defendant. *United States ex rel. United States SBA v. Manhattan Cent. Capital Corp.*, 2001 U.S. Dist. LEXIS 11562, at *20 (S.D.N.Y. July 26, 2001). However, where it is shown that a defendant is aware of the action pending against him, that defendant is deemed to have acted willfully if he fails to file responsive pleading. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186–187 (2d Cir. 2015). Refusing process via mail is also deliberately evasive, and thus willful. *Manhattan Cent.*, 2001 U.S. Dist. LEXIS 11562, at *20.

Fall's failure to oppose the motion for summary judgment and his failure to appear at inquest were unquestionably willful. Fall was aware of the lawsuit; he filed an answer. Fall claims that the judgment entered against him should be set aside for good cause, since he "simply didn't understand the process" (Dkt. No. 99). But this court warned Fall against ignoring the ongoing proceedings. I wrote to Fall on September 11, 2017, stating clearly that, "if he plans to defend in this action, either he or a lawyer representing him must attend the next conference." (Dkt. No. 39). Further, the Court wrote that, "if he fails to appear, I will entertain a motion to preclude him from putting in any proof in opposition to the plaintiff's case. That would likely result in the entry of a judgment against him without the need for a trial." *Id.* Still, Fall failed to appear and controvert plaintiff's evidence. There is every reason to conclude that his failure to do so was willful.

The second criterion is prejudice. Prejudice to the plaintiff cannot be established by delay alone. *Enron*, 10 F.3d 90. And because there is a preference for deciding disputes on their merits, courts can impose conditions on a motion to vacate a default judgment to "rectify any prejudice suffered" by the plaintiff. *Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 515.

However, "[o]pening a default may prejudice a litigant in a number of ways." *Id* (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2699, at 169 (1998)). It would clearly be prejudicial to Plaintiff to vacate the judgment in this case. Plaintiff and his counsel have expended considerable time and money in bringing this action, including making several court appearances, going to the trouble of assembling evidence in support of a motion for summary judgment and prosecuting an inquest into damages. (Dkt. Nos. 20–21, 38, 47, 91.) The matter has been pending for three years. It would be unjust to make Plaintiff start over again after his many efforts and attorney's fees expended on this case over that period. *See Abshier v. Sunset Recordings, Inc.*, 2015 U.S. Dist. LEXIS 58795.

Finally, the third criterion is whether Defendant has shown a meritorious defense. Fall has not.

The threshold for showing a meritorious defense is low. *Meehan*. However, the defendant must "present some evidence beyond conclusory denials to support his defense." *Enron*, at 98. Additionally, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.*

Fall's argument is that he cannot be liable to Plaintiff for wage and hour violations because he was not an owner of the restaurant. (Dkt. No. 99.) But one need not be an owner to be liable for wages and hours violations under the FLSA and the NYSLL. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). In the order granting summary judgment against Fall, the court specifically declined to find that Fall was an "owner" of the restaurant. Instead, applying the "economic reality" test, I decided that the undisputed facts established that, "Defendant Fall was Plaintiff's 'employer'" and was thus liable under the FLSA and the NYLL."

*Barfield v. N.Y.C. Health and Hosps. Corps.*, 537 F.3d 132, 142 (2d Cir. 2008). (Dkt. No. 71.)

The conclusory denials that Fall offers in support of the present motion, declaring that he does

not own the restaurant and, "had no interest in the restaurant," are not a defense to the finding

that the court actually made, and so does not constitute a complete defense to the allegations

against him. (Dkt. No. 99.)

There is, therefore, no reason for the judgment against Fall to be vacated "for good

cause."

B.  Rule 60(b)(3)

Fall also argues that the judgment entered against him should be set aside because, "much

of the information Plaintiff presented to the Court in order to obtain this judgment was

knowingly false." (Dkt. No. 99.)

In order to prevail on a 60(b)(3) motion, a defendant "must show that the conduct

complained of prevented the moving party from fully and fairly presenting his case." *State St.*

*Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). Evidence

in support of this claim must be "clear and convincing." *Fleming v. New York University*, 865

F.2d 478, 484 (2d Cir. 1989).

Obviously nothing Plaintiff said or did prevented Fall from fully and fairly presenting his

case. Fall decided of his own accord not to present a case, aside from denying that he was an

owner of the restaurant – a denial that the court accepted. For that reason alone, vacatur under

Rule 60(b)(3) is unwarranted.

However, there is in the record absolutely no evidence of any fraud, misrepresentation or

misconduct.  Defendant insists that he never owned the restaurant, but the court did not find that

he owned the restaurant. The court found that, on undisputed evidence, Fall exercised enough

control over Plaintiff to be held liable as his "employer." Nothing in Fall's motion addresses that finding; he does not controvert or reveal as false a single item of evidence introduced by Plaintiff and discussed in the court's opinion. Indeed, the motion's principal fraud arguments are made by Guizzone in his now-withdrawn motion -- not by Fall. (Dkt. No. 99.)

As for Fall's insistence that he was simply a "neighbor," that conclusory statement, without more, is insufficient to reopen the judgment – especially since Fall offers no evidence whatever that Plaintiff knew that Fall was "just a neighbor," or that Plaintiff knowingly testified falsely before this court in connection with the motion for summary judgment. To establish fraud, Fall's burden is to demonstrate that Plaintiff knew Fall was not involved in the management of the restaurant, but represented otherwise to the court. Fall makes no such showing.

In any event, where a party's failure to oppose a motion for summary judgment was willful, as it was in this case, the uncontroverted evidence is deemed admitted for purposes of the motion and any subsequent inquest. Having failed to convince the court either of Plaintiff's duplicity or of the existence of a meritorious defense, Fall cannot obtain relief from the judgment that was entered against him.

## C. CONCLUSION

For the reasons stated above, Defendant's motion to vacate the judgment against Defendant Fara Fall is DENIED.

Dated:  June 15, 2020
        New York, New York

_____

                            Chief Judge

BY ECF TO ALL PARTIES